BEAVER *v.* TEAL.

"This is to certify that the check for $11.94 referred to below was presented to us for payment on February 11, 1961. It was good for the amount for which it was drawn and was not returned on account of insufficient funds but because it was written on the wrong kind of check form. Mrs. Coppley says she did not have one of her checks on us at the time, and that the payee insisted that he change one of his forms. /s/ Commercial Bank of Lexington, by: J. W. McLendon."

From a verdict of guilty and judgment, the defendant appealed.

*T. W. Bruton, Attorney General, James F. Bullock, Asst. Attorney General for the State.*

*Henderson & Yeager by Buford T. Henderson, Frank J. Yeager for defendant appellant.*

---

JANE ANDREWS BEAVER v. ROBERT LEWIS TEAL.

(Filed 20 November 1963.)

APPEALS by plaintiff and defendant from *Williams, J.,* March 4, 1963, Civil Session of WAKE.

This litigation grows out of a collision of automobiles on July 14, 1961, at 5:25 a.m., in Gastonia. Plaintiff was operating a Chevrolet in an easterly direction along Fifth Avenue. Defendant was operating a Ford in a southerly direction along Marietta Street. The collision occurred within the intersection of said streets and near the center of said intersection. The front part of defendant's Ford struck the left side of the Chevrolet operated by plaintiff. Both plaintiff and defendant sustained personal injuries and both cars were damaged.

Plaintiff alleged the Sir Walter Chevrolet Company was the owner of the Chevrolet she was driving and that she was in possession thereof as bailee.

Plaintiff alleged the collision was proximately caused by the negligence of defendant in particulars set forth and that she was entitled to recover damages for her personal injuries and for (for the benefit of said bailor) the damage to the Chevrolet. Answering, defendant denied negligence, conditionally pleaded contributory negligence of plaintiff in particulars set forth, and as a counterclaim alleged plaintiff's negligence was the sole proximate cause of the collision and on account thereof he was entitled to recover damages for personal injuries.

The electric traffic control signal erected at said intersection was not put into operation until 6:00 a.m. and was not in operation at the time of the collision. At the time of the collision, it was clear and light and the (paved) streets were dry. The streets were *of equal width.* Testimony as to the width of each street varied from 21 feet to 30 feet. An old wooden store building located on the northwest corner was an obstruction to plaintiff's view to her left and defendant's view to his right as they approached the intersection. (Note: Exhibits, consisting of diagrams and photographs, used to illustrate the testimony of witnesses and referred to in their testimony, were not included in the record on appeal.)

The court submitted and the jury answered the following issues:

"1. Was the plaintiff injured by the negligence of the defendant as alleged in the Complaint? ANSWER: Yes.

"2. Did the plaintiff by her own negligence contribute to such injury as alleged in the defendant's Answer? ANSWER: Yes.

"3. What amount, if any, is the plaintiff entitled to recover of the defendant for her personal injuries? ANSWER: None.

"4. What amount, if any, is the plaintiff entitled to recover of the defendant for damage to the automobile of Sir Walter Chevrolet Company? ANSWER: None.

"5. Was the defendant injured in his person by the negligence of the plaintiff as alleged in defendant's further answer and counterclaim? ANSWER: Yes.

"6. What amount, if any, is the defendant entitled to recover of the plaintiff for his personal injuries? ANSWER: None."

Based upon this verdict, the court entered judgment as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover nothing of the defendant by way of this action and that the defendant have and recover nothing of the plaintiff by way of his counterclaim; and it appearing to the Court that Sir Walter Chevrolet Company is

not a party to this suit and has not been served with summons, complaint or other process in this action and has not appeared herein through counsel or otherwise: IT IS THEREFORE FURTHER ORDERED AND ADJUDGED that the action to recover for damages to the automobile belonging to Sir Walter Chevrolet Company be, and the same is hereby dismissed; and that the costs of this action be taxed against the plaintiff as by law provided."

Plaintiff and defendant excepted, appealed and, on appeal, each assigns errors.

*Dupree, Weaver, Horton & Cockman and Jerry S. Alvis for plaintiff.*
*Lake, Boyce & Lake for defendant.*

PER CURIAM. Plaintiff contends the court should have nonsuited defendant's counterclaim and that she should be awarded a new trial (as to her action) on account of errors in rulings on evidence and in the charge. Defendant contends the court should have nonsuited plaintiff's action and that he should be awarded a new trial (as to his counterclaim) on account of errors in rulings on evidence and in the charge.

There is much force in defendant's contention that the evidence, when considered in the light most favorable to plaintiff, discloses that plaintiff's (contributory) negligence was a proximate cause of the collision. Too, there is much force in plaintiff's contention that the evidence, when considered in the light most favorable to defendant, discloses that defendant's (contributory) negligence was a proximate cause of the collision. There was plenary evidence to support the jury's findings that the negligence of both plaintiff and defendant proximately caused the collision.

Each assignment of error brought forward by plaintiff and by defendant has been carefully considered. The challenged rulings and instructions are not free from error. However, consideration of the evidence in its entirety and of the charge contextually leaves the impression that neither party was prejudiced by such error(s). Indeed, it appears well-nigh inescapable that each driver, notwithstanding by the exercise of due care he (she) could and should have done so, failed to observe the approach of the other and the imminent danger of collision until too late to avoid the collision. Under these circumstances, the verdict of the jury will not be disturbed.

In view of our decision, it is unnecessary to pass upon plaintiff's motion to dismiss defendant's appeal for failure to file (separate) brief

in connection therewith within the time prescribed by the Rules of this Court.

It is ordered that each party shall pay one-half of all costs incident to both appeals.

On plaintiff's appeal: No error.

On defendant's appeal: No error.